UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LAWARREN HOLLOWAY                                          PETITIONER
ADC #112150

VS.                    NO. 5:18-CV-00085-JM-JTR

ARKANSAS PAROLE BOARD                                      RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Discussion

On April 4, 2018, Petitioner, Lawarren Holloway ("Holloway") filed a Petition for Writ of Mandamus, which the Court construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *Doc. 1*. Because Holloway did not pay the $5.00 filing fee or file a Motion to Proceed *In Forma Pauperis*, the Court did not order service of the Petition.

1

Instead, on April 5, 2018, the Court entered an Order giving Holloway until May 7, 2018, to either: (1) pay the $5.00 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis*. *Doc. 2*.  The Court advised Holloway that if he failed "to timely and properly comply with this Order," his habeas action would "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[1]  *Id.*

It is now May 14, 2018, and Holloway has not filed anything with the Court other than his habeas Petition on April 4, 2018.  He has ignored the deadline directing him to either pay the filing fee or submit an Application to Proceed *In Forma*

---

[1]  Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

*Pauperis*.  Thus, the record makes it clear that Holloway has violated his obligations under Local Rule 5.5(c)(2) and has failed to prosecute this action diligently.[2]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

Dated this 14th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.